(114 App. Div. 861)

PEOPLE ex rel. FORRESTER v. SHERIFF OF NEW YORK COUNTY et al.

In re FORRESTER.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

CRIMINAL LAW—INSANITY AT TIME OF TRIAL—INQUISITIONS—COMMISSIONS—
REPORT—AUTHORITY TO COMMIT TO INSANE ASYLUM.

    Code Cr. Proc. § 658, providing that where a defendant in confinement under an indictment appears to be insane the court may appoint a commission to examine him as to his sanity, and section 659, providing that where the commission find the defendant insane the court may commit him to a state lunatic asylum, make the jurisdiction of the court to commit to a lunatic asylum one held for crime depend on the commission reporting him insane, and do not authorize a commitment on the report of a commission reciting that the prisoner is not insane but mentally impaired.

Appeal from Special Term, Kings County.

Application for a writ of habeas corpus by the people, on the relation of Josephine Forrester, against the sheriff of the county of New York and others for the discharge of Peter Forrester, an alleged incompetent committed to a state lunatic asylum. From an order dismissing the

writ of habeas corpus the relator appeals. Reversed, and Peter Forrester discharged from the lunatic asylum, and delivered over to the custody and confinement whence he came.

Peter Forrester being held in confinement under an indictment in the county of New York for grand larceny, the court appointed a commission of three to examine him and report to the court as to his sanity. The commission reported to the court in substance that he was not insane, but mentally impaired. Thereupon the court committed him to a state lunatic asylum.

Argued before WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

William Hawkins, for appellant.
Robert S. Johnstone, for respondents.

GAYNOR, J. Section 658 of the Code of Criminal Procedure provides that if a defendant in confinement under an indictment appears to be "insane" the court may appoint a commission to examine him and report to the court "as to his sanity." The next section provides that if the commission find the defendant "insane" the trial must be suspended until he become sane, and the court, if it deem his discharge dangerous to the public peace or safety, must commit him to a state lunatic asylum until he become sane.

The jurisdiction of the court to commit the defendant to a lunatic asylum is thus made to depend on the commission reporting him insane. This the commission did not do. Instead of plainly reporting that the defendant was insane or not it wrote what it calls an opinion "per curiam" which leaves the matter referred to them in a state of confusion.

The order should be reversed and the defendant discharged from the lunatic asylum and delivered over to the custody and confinement whence he came.

Order reversed, with $10 costs and disbursements, and defendant discharged from the lunatic asylum, and delivered over to the custody and confinement whence he came. All concur.